**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY No.: 19-50188 |
| Cary Lee Deason, | Chapter 7 Case |
| **Debtor.** | |

| | |
|---|---|
| J. Richard Stermer, Trustee, | ADV No.: 20-05027 |
| **Plaintiff,** | |
| v. | |
| 2 C Properties, LLC, Stacy Deason, Chanda Egge, and BMO Harris Bank N.A., | |
| **Defendants.** | |

**REPLY IN SUPPORT OF BMO HARRIS BANK N.A.'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

BMO Harris Bank N.A. ("BHB"), by its attorneys, hereby submits its Reply in Support of its Motion for Judgment on the Pleadings, and states as follows:

In the Trustee's Response (the "Response") to BHB's Motion for Judgment on the Pleadings (the "Motion") he attempts to redraft his complaint and rewrite his history of dealings with BHB. However, his new factual allegations cannot be included in the Court's consideration of the Motion, and the Trustee does not address applicable jurisprudence cited in the Motion.

The Trustee states in his Response that "BHB fails to address that it is the third of three potential lien creditors with respect to the Debtor. The first, West Bay Leasing has a judgment in excess of $1 million dollars which was docketed in the proper county prior to the Transfer." However, nowhere in the Complaint does the Trustee allege that West Bay has or claims a lien in

the Property. The Complaint merely alleges West Bay's judgment was obtained in Blue Earth County and in no ways connects the West Bay judgment to a lien in Crow Wing County.

This is a motion for judgment on the pleadings, and as the Trustee states, the rules for a motion to dismiss apply. The only facts before the Court are those alleged by the Trustee in his Complaint and those alleged by C2 in its countercomplaint. It is improper for the Trustee to make new factual allegations in his Response.

The Response's legal analysis is equally unavailing. To start, the citation to the unpublished decision *In re Estate of Zych*, No. A19-1596, 2020 WL 5507813 (Minn. Ct. App. Sept. 14, 2020), *review denied* (Nov. 25, 2020), is misleading. The Trustee quotes a footnote, but redacts the specific statutory reference and inserts "[the statute]." The Court, however, should not infer that "the statute" is "Minnesota's fraudulent transfer statutes" implied by the Trustee in the immediately preceding sentence because *Zych* had nothing to do with a fraudulent conveyance. Rather, *Zych* pertained to the Minnesota Uniform *Probate Code*. The footnote in full (internal citations omitted) is:

> Respondents argue that caselaw does not clearly assign this burden. But the caselaw they cite placing the burden on the proponent of a will predates the 1974 enactment of Minn. Stat. § 524.3-407, which places the burden on will contestants. To the extent caselaw predating the enactment of Minn. Stat. § 524.3-407 is contrary to that statute, we conclude that the caselaw is now stale.

*In re Estate of Zych*, 2020 WL 5507813, at *3 n.2. To the contrary of the dicta in *Zych* regarding the probate code, the MUVTA specifically preserves the common law, including *Wadsworth v. Schisselbaur,* 32 Minn. 84, 19 N.W. 390, 391 (Minn.1884) and its progeny.

The Trustee need not disparage Minnesota common law or mischaracterize the Motion by stating, "BHB reaches back to the 1800s to find any law which it claims supports its position…" This statement is demonstrably false. BHB relies upon the analysis from the Minnesota

Bankruptcy Court in the 1998 case *In re Michener*, 217 B.R. 263, 268 (Bankr. D. Minn. 1998). The facts in *Michener* involved a transfer in 1991, a tax lien created in 1992, and a bankruptcy case filed in 1995. The Bankruptcy Court performed a detailed analysis of the MUVTA and Minnesota case law going back to 1884 and concluded:

> Nothing in the statute, or its history, indicates that the legislature intended to abrogate the prior law that recognized the validity of docketed judgment liens on fraudulently conveyed real property, or use of the fraudulent transfer statute in aid of judicial lien enforcement.

*In re Michener*, 217 B.R. at 268.

Although the Trustee attempts to use *Michener* to stand for the notation that he has exclusive power to avoid prepetition transfers, such application is incorrect. Immediately following the portion quoted by the Trustee, *Michener* states:

> However, the § 544(b) power is limited to avoidance of the transfer of interests voidable by creditors holding unsecured claims. The power granted the trustee under 11 U.S.C. § 544(b) does not include the power to avoid the transfers of liened interests in property that are voidable by lien creditors in the enforcement of their liens. Trustees have neither the authority, nor the responsibility, to enforce creditors' liens in bankruptcy. Lien creditors need not, and cannot, depend upon trustees to enforce their lien rights.

*Michener*, 217 B.R. at 270.

Further, the Trustee misapplies case law when he cites to *In re Residential Capital, LLC*, 497 B.R. at 414 (Bankr. S.D.N.Y. 2013). That case pertains to a security agreement prevented by the Bankruptcy Code from attaching to post-petition assets pursuant to 11 U.S.C. § 552, which applies only voluntary security agreements, not judgment liens.

## CONCLUSION

In sum, the Response mischaracterizes facts and misapplies law. The Trustee relies throughout on case law from other states and other circuits (e.g., California, Massachusetts, and

New York), states with their own judgment lien laws and their own common law of avoidable transfers. BHB relies on a chain of Minnesota jurisprudence over a century long which explicitly states the opposite of what the Trustee would have it say. Therefore, BHB should be granted the relief it seeks in the Motion.

Dated: December 18, 2020 Respectfully submitted,

By: /s/Aaron B. Chapin

Aaron B. Chapin (ARDC 6292540)
Husch Blackwell LLP
120 South Riverside Plaza
Chicago, IL 60606
Phone: 312.655.1500
Fax 312.655.1501
aaron.chapin@huschblackwell.com

*Attorneys for BMO Harris Bank N.A.*